**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**LAWRENCE DRUMMOND** **PLAINTIFF**

**VS.** **CAUSE NO.:** 3:17cv132-GHD-RP

**WILLIS MCNEIL; and**
**CITY OF HOLLY SPRINGS, MISSISSIPPI** **DEFENDANTS**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

The plaintiff states his causes of action for damages for violation of his rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §1983 and under state law, as follows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this lawsuit because at least one count of the lawsuit arises under federal law, 42 U.S.C. § 1983. Jurisdiction over such cause and the other causes of action in this lawsuit is pursuant to 28 U.S.C. §1331 and §1367.

2. Venue is proper in the Northern District of Mississippi under 28 U.S.C. §1391.

### II. PARTIES

3. Plaintiff Lawrence Drummond is an adult resident citizen of Marshall County, Mississippi.

4. Defendant Willis McNeil was at all times relevant hereto an officer of the Holly Springs Police Department who is being sued in his individual and official capacities. Upon information and belief, Defendant McNeil is an adult resident citizen of Marshall County, Mississippi.

5. Defendant City of Holly Springs is a political subdivision of the State of Mississippi, which at all times relevant hereto, operated under color of state law. The City of Holly Springs is responsible for the City of Holly Springs Police Department and for the actions of its officers acting under color of state law. The City of Holly Springs may be served with process through its mayor, Kelvin O. Buck, at 160 South Memphis Street, Holly Springs, Mississippi.

## III. FACTS

6. On or about August 1, 2014, Mr. Drummond was present at a Holly Springs business called "The Cool Spot."

7. Mr. Drummond was standing outside The Cool Spot talking with a group of friends.

8. Without warning, and for no cause, a Holly Springs police officer, Defendant Willis McNeil grabbed Mr. Drummond from behind. McNeil picked Mr. Drummond up by his arms and slammed Mr. Drummond to the ground, causing him to strike his face on the ground.

9. Upon information and belief, Mr. Drummond was arrested and charged with disorderly conduct, a charge which was eventually dismissed.

## IV. DAMAGES

10. As a direct and proximate result of the above-described attack, Mr. Drummond has suffered and continues to suffer damages including but not limited to medical expenses, lost wages, loss of future earning capacity, physical pain and suffering, temporary and permanent disability, mental anguish and emotional distress, embarrassment, fear, humiliation and loss of enjoyment of life.

## V. CLAIMS UNDER 42 U.S.C. §1983

11. Plaintiff incorporates every preceding paragraph as if fully set forth herein.

12. Defendant McNeil's actions and omissions, as described herein above, were objectively unreasonable in light of Mr. Drummond's clearly established rights to be free from the use of unnecessary, excessive and unreasonable force and unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

13. Defendant McNeil's actions and omissions, as described herein above, were objectively unreasonable in light of Mr. Drummond's clearly established rights to be free from arrest without probable cause under the Fourth and Fourteenth Amendments to the United States Constitution.

14. Upon information and belief, the above-described attack and the resulting injuries to Mr. Drummond resulted from a policy, practice, custom and/or decision of Defendant Holly Springs, and/or from Defendant Holly Springs' failure to train and/or supervise its officers.

## VI. RELIEF REQUESTED

15. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the following relief:

i. Reasonable compensatory damages from and against each defendant, individually, jointly and severally;

ii. Punitive damages on Plaintiff's claim against Defendant McNeil in his individual capacity, in an amount reasonably calculated to punish Defendant McNeil and to deter similar conduct by Defendant McNeil and other law enforcement personnel and others similarly situated;

iii. Plaintiff's costs of court, including reasonable attorney fees and expenses

pursuant to 42 U.S.C. §1988;

iv. General Relief.

Respectfully submitted, this the 13th day of July, 2017.

BY: /s/ Brandon Flechas
BRANDON FLECHAS (MSB #102283)
PHILIP A. STROUD (MSB #99401)
**THE STROUD LAW FIRM, P.C.**
**5779 Getwell Road, Building C-1**
**Southaven, MS 38672**
**Tel. (662) 536-5656**
**Fax (662) 536-5657**
Attorneys for Plaintiff

**PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL AS TO ALL COUNTS CONTAINED HEREIN.**

s/ Brandon Flechas
**BRANDON FLECHAS**