**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**LAWRENCE DRUMMOND** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 3:17-CV-132-GHD-RP**

**WILLIS MCNEIL AND CITY OF HOLLY SPRINGS, MISSISSIPPI** **DEFENDANTS**

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**COME NOW** Defendants Willis McNeil and City of Holly Springs, Mississippi, by and through their counsel of record, and respond to Plaintiff's Complaint. Defendants deny each and every allegation contained in the Complaint, except those which are herein expressly admitted, and further aver the following:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants plead all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Punitive damages cannot be assessed against Defendant City of Holly Springs, Mississippi.

**FOURTH AFFIRMATIVE DEFENSE**

While denying that Plaintiff is entitled to punitive damages, Defendants affirmatively plead that an award of punitive damages in an amount in excess of that proportion permitted by the laws of the United States would violate the Due Process protections of the U.S. Constitution. Further, Mississippi laws and procedures governing punitive damages are violative of the 6th

Amendment, 8th Amendment, the Due Process Clause and Equal Protection Clause of the 14th Amendment, and other provisions, of the United States Constitution in Article III, Section 14 and other provisions of the Constitution of the State of Mississippi.

**FIFTH AFFIRMATIVE DEFENSE**

It does not appear that Plaintiff has asserted any state law claims, but to the extent any such claims are asserted, Defendants plead all applicable provisions of the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1 *et seq.*, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries were not caused by a policy or custom of the City of Holly Springs, Mississippi.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant Willis McNeil is entitled to qualified immunity.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants assert all affirmative defenses that are or may become available or of which Defendants may become aware (upon further investigation or discovery) under FED. R. CIV. P. 8(c).

**NINTH AFFIRMATIVE DEFENSE**

Defendants assert all affirmative defenses that are or may become available or of which Defendants may become aware (upon further investigation or discovery) under FED. R. CIV. P. 12(b).

## ANSWER

Without waiving any of the aforementioned Affirmative Defenses, Defendants respond to the Complaint as follows.

Defendants admit that Plaintiff has filed the instant Complaint, asserting claims under the Fourth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, and purportedly, claims under state law, but deny there is any basis to Plaintiff's claims against Defendants and deny any and all remaining allegations against Defendants contained in the un-numbered Paragraph of the Complaint beginning with "The plaintiff states" and ending with "as follows."

### I. JURISDICTION AND VENUE

1. Defendants admit the United States District Court for the Northern District of Mississippi, Oxford Division has jurisdiction over Plaintiff's claims, but denies there is any basis to Plaintiff's claims and denies any remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits that venue is proper in the United States District Court for the Northern District of Mississippi, Oxford Division, but denies there is any basis to Plaintiff's claims and denies any remaining allegations contained in Paragraph 2 of the Complaint.

### II. PARTIES

3. Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint, and accordingly, deny same.

4. Defendants admit Willis McNeil was employed as an officer of the Holly Springs Police Department in August 2014. Defendants admit that Plaintiff has asserted claims against

McNeil, but deny there is any basis to Plaintiff's claims and deny any and all remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the City of Holly Springs is a political subdivision of the State of Mississippi, and the City may be served with process through its Mayor, Kelvin O. Black. The remaining allegations in Paragraph 5 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

## III. FACTS

6. Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint, and accordingly, deny same.

7. Defendants admit Plaintiff was standing outside in the parking area of 500 Craft Street, but Defendants are without information sufficient to admit or deny the remaining allegations contained in Paragraph 7 of the Complaint, and accordingly, deny same.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

## IV. DAMAGES

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

## V. CLAIMS UNDER 42 U.S.C. § 1983

11. Defendants repeat and incorporate by reference each and every defense, admission, and denial in response to Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

## VI. RELIEF REQUESTED

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint, including Sub-Paragraphs i – iv, and further deny that Plaintiff is entitled to relief of any type.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court dismiss Plaintiff's Complaint and award Defendants costs, expenses, attorneys' fees and any other relief that is warranted or the Court deems proper.

THIS, the 21st day of August, 2017.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: /s/ Mark Fijman
Gary E. Friedman, MB # 5532
Mark Fijman, MB # 99153
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: friedmag@phelps.com
fijmanm@phelps.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, MARK FIJMAN, do hereby certify that on August 21, 2017, I electronically filed the above and foregoing ***DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT*** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Brandon Flechas, MB # 102283
Philip A. Stroud, MB # 99401
The Stroud Law Firm, P.C.
5779 Getwell Road, Building C-1
Southaven, Mississippi 38672
(662) 536-5656
brandon@stroudlawyers.com
Philip@stroudlawyers.com

***ATTORNEYS FOR PLAINTIFF***

/s/ Mark Fijman
MARK FIJMAN